## C. B. Bachman v. Peter S. Schertz.

FORMER ADJUDICATION — *Must be Between the Same Parties.* — In order to give a judgment the effect of *res adjudicata* it must have been rendered by a court of competent jurisdiction concerning the same subject-matter and between the same parties.

**Replevin.** Appeal from the County Court of Tazewell County; the Hon. W. R. CURRAN, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

H. C. FRINGS, attorney for appellant.

A former adjudication is conclusive of the rights of parties as to all matters involved therein. Peterson v. Nehf, 80 Ill. 25.

When the entire matter has been adjudicated when the subject-matter and all parties interested were before the court. Hicks v. Chapin, 67 Ill. 375.

The principle of *res adjudicata* embraces not only what actually was determined in a former case, but also extends to any other matter properly involved, and which might have been raised and determined by it. A party can not have a cause of action adjudicated by piecemeal. Rogers v. Higgins, 57 Ill. 244.

A valid judgment, therefore, sweeps away every defense that should have been raised against the action, and this, too, for the purpose of every subsequent suit, whether founded upon the same or a different cause of action. Kelly v. Donlin, 70 Ill. 378; Moore's Justice, Secs. 1194 to 1198; Kreuchi v. Dehler, 50 Ill. 176.

T. N. GREEN, attorney for appellee.

Contended that the judgment in order to have the force and effect of *res adjudicata*, must have been between the same parties. Citing, Peterson v. Nehf, 80 Ill. 25; Hicks v. Chapin, 67 Ill. 375; Rogers v. Higgins, 57 Ill. 244.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was a suit in replevin, brought by appellee, against appellant, before N. Campbell, police magistrate, to recover, as owner thereof, one road wagon and one set of single buggy harness, worth, as he claimed, $45. The officer, to whom the replevin writ was issued, was unable to obtain possession of said property, and by leave of court the suit was tried in trover, before the police magistrate and a jury, and resulted in a verdict and judgment for appellee for $45, for the value of the property, and $50 damages for its detention. From this judgment appellant appealed to the County Court of Tazewell County, where the case was again tried by jury in that court, and resulted in a verdict for appellee for $30, as the value of the property converted, and $5 damages for its detention.

Appellant in the County Court, after verdict, entered motions for a new trial, and in arrest of judgment, both of which were denied, and judgment given for appellee on the verdict. Appellant brings the case to this court, and while he assigns numerous errors on the record, in his brief, he relies principally upon the following:

"The court below erred in overruling appellant's motion to instruct the jury to find issues for the

defendant (appellant)" and, "the verdict is against the evidence, and contrary to law."

The claim made by counsel for appellant, why the court below should have instructed the jury to find a verdict for appellant, as set out in his brief filed in this court, is "after the evidence in this case had been given on both sides (in the court below) the defendant (appellant) by his counsel, moved the court to instruct the jury to find the issues for the defendant (appellant) the principal reason being assigned, that under the doctrine of *res adjudicata*, the former suit, for the recovery of this same property, offered in evidence, was a complete bar to this cause of action, which motion was overruled by the court, which we contend was an error on the part of the court.    *    *    * The suit for trial of rights of property was certainly a former adjudication between the parties."

Upon examination of the bill of exceptions, in the record in this case, we find that counsel for appellant base this claim of *res adjudicata* upon the following showing, made on the trial of this case in the court below.

At page 62 of record, there appears as having been introduced in evidence, by appellant, the docket of Joseph Reed, police magistrate, showing a judgment in favor of S. M. Reinheimer & Co., against Jacob Robbins, rendered November 11, 1893, for $13.75 and costs; and at page 64 of record it appears that an execution issued on said judgment, January 25, 1897, which was received, same date, by appellant as constable. On same date, by virtue of said execution, appellant levied on one road wagon and one set of single harness, shown by the evidence to be the same property in issue, in this case. On April 17, 1897, appellant returned said execution unsatisfied, on the alleged ground of illegal service, and received on same date, from said Joseph

Reed, police magistrate, an alias execution, issued on said judgment; and on April 19, 1897, appellant levied, under said alias execution, on said property, as being the property of said Jacob Robbins, appellant having retained possession of said property since he took it, under the other execution.

On page 73 of record we further find that appellant introduced in evidence the docket of William Bushing, justice of peace, which shows in a trial of the rights of property between Peter S. Shertz, claimant, plaintiff, and S. M. Reinheimer, defendant, a judgment in favor of said S. M. Reinheimer, for costs against said Peter S. Schertz, he being shown to be the same person as appellee in this case; and the property in question, in that case, being shown to be the same as in this.

From this last judgment appellee appealed to the County Court of Fulton County, as shown by its record, put in evidence in this case by appellant, as appears at page 88, of the record in this case. That court, on motion of the attorney for defendant, S. M. Reinheimer, dismissed said appeal for want of prosecution, and gave judgment for costs against Peter S. Schertz. Now this judgment, which appellant insists is *res adjudicata* between the parties in the case at bar, on examination we find, is a judgment between appellee and one S. M. Reinheimer and not one between appellee and appellant; hence it was not an adjudication between the *same parties*, concerning the same subject-matter and cause of action, as must have been the case, to justify its being a bar to this proceeding. See A. S. Wright v. G. W. Griffey, 147 Ill. 496, and cases therein cited.

We therefore hold it was not an error in the court below to deny appellant's motion to instruct the jury to find a verdict for appellant.

As to the other contention of counsel for appellant,

that the verdict and judgment in this case are against the evidence, we have carefully examined all the evidence introduced on the trial of this case in the court below, and find, on the vital issues in this case, there was a conflict in the evidence, which it is the peculiar province of the jury and trial court to reconcile, and to determine on which side the truth is; and we can not say that they have erroneously found in this case, therefore we will not reverse the judgment herein for that reason. While appellant's counsel have in their brief referred to other rulings of the trial court in this case as being erroneous, we find, on examination, no reversible errors as claimed, hence we affirm the judgment herein.   Judgment affirmed.